**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** | 1:09-cv-02104-OWW-SKO |
| **Plaintiff,** | **MEMORANDUM DECISION ON DEFENDANTS' MOTION TO DISMISS** |
| **v.** | |
| **DARA TRANSPORT, INC., et al.,** | |
| **Defendants.** | |

### I.  INTRODUCTION.

Canal Insurance Company ("Plaintiff") is proceeding with an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 against Dara Transport, Inc. ("Dara Transport"), Chandararoth Pok ("Chandararoth"), Sila Sok, and  Darryl R. Pok ("Moving Defendants").

Plaintiff filed its complaint on December 2, 2009.  (Doc. 1). Plaintiff filed requests for entry of default judgements against Dara Transport and Chandararoth on March 9, 2010.   (Docs. 9, 10). On March 12, 2010, the Clerk of the Court entered default judgments against Dara Transport and Chandararoth.   (Docs. 13, 14).

Defendants filed a motion to dismiss the complaint or, in the alternative, to stay Plaintiff's action pending resolution of a related case being litigated in state court. (Doc. 15).  Plaintiff

1

filed opposition to the motion to dismiss on May 13, 2010.  (Doc. 19).  Defendants filed a reply on May 29, 2010.  (Doc. 20).

## II. **FACTUAL BACKGROUND**.

On March 28, 2007, Noch Pok ("Decedent") died while operating a 1999 Freightliner tractor and 1994 Great Dane trailer ("subject vehicle").  (Complaint at 2).  Decedent lost control of the subject vehicle while traveling on Interstate Highway 395 in Bishop, California.  (Complaint at 2).  Decedent's spouse and son are the Moving Defendants in the instant action.  (Complaint at 2).

Moving Defendants filed a state court action against Dara Transport and Chandararoth for wrongful death on March 25, 2009 in the California Superior Court for the County of Los Angeles.  (Complaint at 5).  Dara Transport is an interstate commercial trucking company based in the State of Rhode Island, and Chandararoth is an individual and an officer of Dara Transport.  (Complaint at 2).   Moving Defendants' complaint in the state court action alleges that Chandararoth owned, serviced, repaired, and was otherwise responsible for the maintenance and operation of the subject vehicle that allegedly caused Decedent's death.  (Complaint, Ex. B at 3).  The state court complaint also alleges that Dara and Chandararoth were legally responsible for the operation and loading of the subject vehicle. (Complaint, Ex. B at 4). Moving Defendant's state court complaint alleges that Dara Transport and Chandararoth were negligent in the maintenance and service of the subject vehicle, and that as a result of Dara and Chandararoth's negligence, the subject vehicle was incapable of operating properly and proximately caused decedent's death. (Complaint, Ex. B at 4).

**2**

Plaintiff Canal Insurance Company is Dara Transport's insurer. (Complaint at 5). Dara Transport and Chandararoth tendered defense of the Moving Defendants' state court action to Plaintiff pursuant to the terms of their insurance agreement, and Plaintiff commenced defense of the action. (Complaint at 7). Plaintiff continues to defend the ongoing litigation in state court under a reservation of rights. (Complaint at 2, 7).

On December 2, 2009, Plaintiff filed this case seeking a declaratory judgment that the insurance policy between Plaintiff and Dara Transport does not cover the underlying claim. Plaintiff's complaint alleges that the Moving Defendants' state court action is not covered by the insurance policy because, *inter alia*,:

1) Dara Transport did not in fact own the subject vehicle;
2) Decedent was not operating the subject vehicle with the permission of Dara Transport at the time of Decedent's death, or was operating the vehicle beyond the scope of Dara Transport's permission;
3) Decedent was operating the vehicle pursuant to a long term leased owner-operator agreement or other agreement subject to an exclusion under the insurance policy; and
4) Dara Transport's liability is predicated on an obligation for which Dara Transport or an unknown insurer may be held liable under a workmen's compensation, unemployment compensation, disability benefits law, or similar law by reason of common law or statutory employment.

(Complaint at 9-10).

///

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).[1] To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it

---

[1] Defendants ask the court to dismiss, or in the alternative, to stay Plaintiff's action. Because Plaintiff's complaint must be dismissed, the court does not address the propriety of issuing a stay.

**4**

lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

### IV. **DISCUSSION**.

**A. Declaratory Judgment Standard**

Plaintiff asserts it is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Section 2201(a) provides:

> In a case of actual controversy within its jurisdiction …, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be

**5**

    reviewable as such.

28 U.S.C. § 2201 (2009). Section 2202 provides "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202 (2009).

    The phrase "case of actual controversy" in section 2201 refers to the type of "Cases" and "Controversies" that are justiciable under Article III of the United States Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). In determining whether a case or controversy exists for the purposes of an action pursuant to section 2201, a court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id*. (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Section 2201 requires that a dispute be

> "definite and concrete, touching the legal relations of parties having adverse legal interests"...and "admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

Id. (citations omitted).

    Once a court determines that a complaint presents a case or controversy within the court's jurisdiction, the court must decide whether to exercise that jurisdiction based on the factors set forth in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). *E.g. Kearns*, 15 F.3d at 144. "Essentially, the district court 'must

**6**

balance concerns of judicial administration, comity, and fairness to the litigants.'" *Id*. (citation omitted).

**B.  Plaintiff's Complaint**

The complaint fails to allege facts sufficient to permit the court to determine whether there is a substantial controversy between the parties.  Although an actual controversy may exist between a party suing an insured defendant and the insurer where the insurer denies liability, *see, e.g., American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th cir. 1994), Plaintiff's complaint does not allege facts which establish the existence of a "real and substantial" dispute as required by section 2201, *MedImmune*, 549 U.S. at 127.  The complaint simply posits a series of hypothetical situations in which Plaintiff might not be liable under the insurance policy.  Section 2201 actions based solely on hypothetical facts need not be entertained by federal courts. *MedImmune*, 549 U.S. at 127.

As Moving Defendants point out, the complaint advances contradictory theories unsupported by any allegations of fact. For example, the complaint alleges:

> On or about March 28, 2007, the decedent was operating Dara Transport's 1999 Freightliner tractor and 1994 Great Dane trailer...while hauling cargo for Dara Transport under its authority and in the course and scope of his employment as a common law or statutory employee of Dara Transport. While in the course of doing so, the decedent lost control of such vehicle on a downhill grade...resulting in the death of the decedent.

(Complaint at 5-6). Later in the complaint, Plaintiff alleges:

> The Canal policy does not afford any coverage whatsoever with respect to [Moving Defendant's state court action], as Dara Transport did not in fact own the 1999 Freightliner tractor and/or 1994 Great Dane trailer being operated by the decedent at the time of his death, and/or said vehicles were not being operated by the decedent

**7**

>with the permission of Dara Transport and/or were not being operated by the decedent within the scope of such permission at the time of his death."

(Complaint at 9). Plaintiff's alternative hypothetical scenarios allege Dara Transport did not own the accident vehicle; further, that decedent was driving without the permission of Dara Transport, an owner; and that decedent exceed the scope of any permission. From the allegations of the complaint it cannot be ascertained whether decedent was a common law or statutory employee of Dara Transport; whether the subject vehicle was owned by a party other than Dara Transport; or whether Decedent was operating the subject vehicle without the permission of Dara Transport.  Whether a real controversy exists cannot be determined based on these conclusory, contradictory allegations.

Plaintiff contends that Defendant is not entitled to dismissal under Rule 12(b)(6) because Defendant's motion is actually an improperly identified motion to dismiss for lack of subject matter jurisdiction–on ripeness grounds– pursuant to Rule 12(b)(1). (Opposition at 4). Plaintiff contends that "Defendants have made no showing whatsoever in support of their contention that Plaintiff's complaint fails to state a cause of action." (Opposition at 4). Although Defendants' motion to dismiss consists primarily of arguments concerning the prematurity of Plaintiff's action, Defendants do assert that "Pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint and each claim for relief set forth therein fail to state a claim upon which relief can be granted." (Motion to Dismiss at 2). Defendants' motion to dismiss also argues that:

>Pursuant to Federal Rule of Civil Procedure 12(b)(6), a

**8**

court may dismiss a complaint "as a matter of law for one of two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizabloe claim." See Robertson v. Dean Witter, 749 F.2d 530, 533-34 (9th Cir. 1984). Plaintiff must provide more than a formulaic recitation of the elements of a cause of action" and its "factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

(Motion to Dismiss at 5). Defendants' motion to dismiss does not contain detailed analysis of the complaint's deficiencies, however, given the conclusory nature of the complaint, detailed analysis is not required. The insufficiency of Plaintiff's complaint is apparent. The complaint must be DISMISSED, without prejudice.

## ORDER

For the reasons stated, IT IS ORDERED:

1) The complaint is DISMISSED, without prejudice;

2) Defendants shall lodge a formal order consistent with this decision within five (5) days following electronic service of this decision by the clerk. Plaintiff shall file an amended complaint within fifteen (15) days of the filing of the order. Defendant shall file a response within fifteen (15) days of receipt of the amended complaint.

IT IS SO ORDERED.

**Dated:   July 1, 2010**               **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

9